NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-67-GFVT

DION ERIC SAVAGE                                                                                  PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

SHIRLEY AUSBURN, ET AL.                                                              DEFENDANTS

Plaintiff, Dion Eric Savage, who is currently confined in United States Penitentiary-Big Sandy ("USP-Big Sandy"), located in Inez, Kentucky, has filed a prisoner *pro se* civil rights action pursuant to 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). The plaintiff has also filed a "Motion to Proceed *In Forma Pauperis*" [Record No. 4], which the Court will address by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

Under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

(1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. §1915(e)(2), a district court may dismiss a case at any time if it determines that the action is (I) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff has named four defendants: (1) Shirley Ausburn;[1] (2) Shirley Crump; (3) Lt. Bernazzoli; and (4) Bobby Shearwin, whom the plaintiff identifies as "Warden." The named defendants are alleged to be, or were, officials employed at in the Federal Correctional Institution ("FCI") Cumberland.[2] For simplicity, the Court will refer to the defendants as the "FCI-Cumberland Defendants."

## CLAIMS

Plaintiff alleges that the FCI-Cumberland Defendants' collective actions violated his rights under the Eighth Amendment of the United States Constitution (which forbids cruel and unusual punishment) and the Fifth Amendment of the United States Constitution (which guarantees due process of law).

In addition to those claims, the plaintiff alleges that the FCI-Cumberland Defendants retaliated against him for filing grievances. He alleges this action violated his right of access

---

[1] The plaintiff identifies this defendant as "Shirley Ausburn" in the caption his complaint, but refers to an "A.W. Ausburn" in the text of his complaint. [*See* Record No. 2-1, pp. 3-4]

[2] FCI-Cumberland is located in Western Maryland, about 130 miles northwest of Washington, D.C.

to the courts, protected by the First Amendment of the United States Constitution.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff asserts various complaints about events which occurred back in 2003, while he was confined in FCI- Cumberland. The plaintiff complains about disciplinary measures taken against him at FCI- Cumberland and the fact that he was placed in a Segregated Housing Unit (SHU). He alleges that Defendant Ausburn retaliated against him for filing grievances against prison staff concerning the disciplinary actions taken against him and his placement in SHU. Plaintiff also states that he filed grievances at FCI-Cumberland about: (1) the adequacy of its law library; (2) the lack of sugar for the morning oatmeal; (3) the existence of foreign objects found in the food, such as "medal" (presumably "metal") shavings; flies; rocks; mice droppings; and (4) other sanitation issues relating to his confinement at FCI-Cumberland.

## RELIEF REQUESTED

The plaintiff seeks damages in the amount of $400,000.00 for his "pain and suffering, mental anguish and torture as a result of 'all the pressures' of being in a 'level six penitentiary.'" [Record No. 2-1, p. 11] He also asks that this Court to reprimand the FCI-Cumberland Defendants and to suspend them from their jobs. [*Id*.].

## DISCUSSION
### 1. Official Capacity Claims Against the FCI-Cumberland Defendants

The plaintiff has not stated the capacity in which he is suing the FCI-Cumberland Defendants. Construing the complaint broadly, the plaintiff might be asserting his First,

3

Fifth, and Eighth Amendment *Bivens* claims against these defendants in their *official* capacities. However, the construed claims suffer from a fatal defect.

A *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). When a federal employee is sued in his or her individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

The only proper defendant in a *Bivens* action is a person acting under color of federal law in that person's individual capacity. Plaintiff Savage has failed to state a claim upon which relief can be granted based against the FCI-Cumberland Defendants in their *official* capacities. These claims will be dismissed with prejudice.

2. <u>Individual Capacity Claims
Against FCI-Cumberland Defendants</u>

The plaintiff complains about actions alleged to have occurred at FCI-Cumberland

sometime back in 2003. The plaintiff alleges that the named defendants were officials employed at FCI-Cumberland.

When federal officials are sued in their individual capacities, the venue provisions which operate in the typical case against the government itself do not control. In *Stafford v. Briggs*, 444 U.S. 527 (1980), the Supreme Court held that a suit properly brought against federal officials in their official capacities, for which venue would lie under 28 U.S.C. §1391(e), would not provide a basis for venue against such officials in their individual capacities.

A *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d at 1018; *Berger v. Pierce*, 933 F.2d at 397. Individual capacity claims under *Bivens* would fall under 28 U.S.C. §1391(b). Official capacity suits under 28 U.S.C. §1391(e) cannot be maintained because of the doctrine of sovereign immunity. *Cf. Stafford v. Briggs*, 444 U.S. at 544 (Section 1391(e) applies only to suits against government officials in their official capacities; venue of *Bivens* actions governed by §1391(b)).

Title 28 U.S.C. §1391(b) provides that:

> [a] civil action where jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated*, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. {Emphasis Added}.

Clearly, neither §1391(b)(1) nor §1391(b)(3) applies in this action; consequently,

venue could properly lie here only if a substantial part of the events or omissions giving rise to plaintiff's claim occurred in the Eastern District of Kentucky.  28 U.S.C. §1391(b)(2).

The "substantial part of the events" giving rise to the alleged events in 2003 occurred at FCI-Cumberland, not in the Eastern District of Kentucky.  As noted, FCI-Cumberland is located in Western Maryland.  The judicial district for FCI-Cumberland is the United States District Court for the District of Maryland.

Under 28 U.S.C. §1391(b), the proper venue for the plaintiff's individual capacity claims against the FCI-Cumberland Defendants is in Maryland.  *See Barber v. Simpson*, 94 F.3d 648; 1996 WL 477005 (8th Cir. 1996) (table) (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)).  Having established that venue does not lie here, his Court must determine the proper disposition.

When a civil action is brought in the wrong district, the court may dismiss it or transfer it to the proper district.  28 U.S.C. §1406(a).  Additionally, 28 U.S.C. §1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought." (Emphasis added) [3]  The decision to dismiss or transfer a case under §1406(a) is "within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

---

[3] Title 28 U.S.C. §1406(a) provides as follows:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice*, transfer such case to any district or division in which it could have been brought. (Emphasis Added)

Transfer of a proceeding based on improper venue is not mandatory, and is justified only if the district court determines that such transfer is "in the interest of justice." *See Diebold v. FirstCard Financial Services, Inc.*, 104 F. Supp.2d 758, 762-63 (N.D. Ohio 2000) (where district court lacked personal jurisdiction over the defendant, the interests of justice did not warrant transfer; dismissal in lieu of transfer would not prejudice the plaintiff because there was ample time in which to re-file in a proper forum).

Here, the plaintiff's various *Bivens* claims alleged to have arisen at FCI-Cumberland back in 2003 may be subject to possible defenses such as statute of limitations; failure to properly or timely exhaust; or failure to state a constitutional claim.[4]  In light of these possible defects, this Court is not inclined to transfer the various individual capacity constitutional claims against the FCI-Cumberland Defendants to the District of Maryland. The plaintiff is free to file suit there on his claims. The plaintiff's First, Fifth and Eighth Amendment claims against the FCI-Cumberland Defendants, in their *individual* capacities, are dismissed without prejudice to the plaintiff asserting them in the District of Maryland.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

---

[4] The plaintiff alleges that he is entitled to damages for his mental distress. Under the Prison Litigation Reform Act, 28 U.S.C. §1997e(e), an inmate may not bring a civil action without showing physical injury.  The PLRA requires a prior showing of physical injury before a prisoner may bring a claim for emotional or mental damages.  42 U.S.C. §1997e(e).  This rule applies to Eighth Amendment claims. *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). *See also Mitchell v. Horn*, 318 F.3d 523, 533 (3rd Cir. 2003) (prisoner asserting a mental or emotional injury was required to show a prior physical injury that was more than *de minimis*, but less than significant).  Here, the plaintiff has not alleged any physical problems as a result of the complained-of actions.

(1)     The plaintiff's First, Fifth and Eighth Amendment *Bivens* claims against the FCI-Cumberland Defendants in their *official* capacities are **DISMISSED WITH PREJUDICE**.

(2)     The plaintiff's First, Fifth and Eighth Amendment *Bivens* claims against the FCI-Cumberland Defendants, in their *individual* capacities, are **DISMISSED WITHOUT PREJUDICE**.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the FCI-Cumberland Defendants.

This the 27th day of April, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge